IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| B. J. EUBANKS, | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1353 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, B. J. Eubanks, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two disciplinary convictions at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Eubanks is currently serving a sentence for a state court conviction imposed in Lamar County, Texas. The respondent moved for summary judgment on the ground that the petition is time-barred, (Docket Entry No. 9). Eubanks has not filed a response. Based on the motion, the state-court record (Docket Entry No. 10), and the applicable law, this court grants the respondent's motion and dismisses this case by separate order.

**I.      Background**

On June 23, 2006, prison officials at the Ferguson Unit conducted a disciplinary hearing in disciplinary case #20060285900. Eubanks refused to attend. He was notified of the results that day. The hearing officer found Eubanks guilty of threatening to inflict harm on an officer. (Docket Entry No. 10, Disciplinary Hearing Record for 20060285900, p. 1). Eubanks's punishment consisted of a loss of commissary privileges for forty-five days, a reduction in good-time earning class status from Line 1 to Line 3, cell restriction for fifteen days, and a loss of 365 days good-time credit. (*Id.*).

Eubanks submitted a step-one-grievance on this disciplinary hearing on June 26, 2006. (Docket Entry No. 10, Disciplinary Grievance Record for 20060285900, p. 2). Prison officials denied the grievance on July 19, 2006. (*Id.* at 3). Eubanks filed a step-two-grievance on August 2, 2006. It was denied on August 21, 2006. (*Id.* at 4-5).

On August 24, 2006, prison officials conducted a hearing in disciplinary case 20060364160. The hearing officer found Eubanks guilty of trafficking and trading. (Docket Entry No. 10, Disciplinary Hearing Record for 20060364160, p. 1). Eubanks's punishment consisted of a loss of commissary privileges for thirty days, cell restriction for fifteen days, an order to remain at good-time earning class status line 3, and a loss of thirty days good-time credit. (*Id.*). Eubanks filed a step one grievance as to this disciplinary case on September 8, 2006. (Docket Entry No. 10, Disciplinary Grievance Record for 20060364160, p. 1). Prison officials denied the grievance on October 6, 2006. (*Id.* at 2). Eubanks did not file a step-two-grievance.

On May 4, 2009, this court received Eubanks's federal petition. Eubanks put his federal petition in the prison mailing system on April 29, 2009. Eubanks contends that the finding of guilt in disciplinary case number 20060285900 is void because:

(1)   he was denied minimal due process;

(2)   the evidence supporting the finding of guilt was insufficient;

(3)   the disciplinary hearing officer was biased;

(4)   he was denied the right to call witnesses and present documentary evidence; and

(5)   he was excluded from the hearing.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7; *Id.* at Attachment 1, pp. 1-4).

Eubanks challenges the finding of guilt in disciplinary case number 200060364160 on the following grounds:

(1)     he was denied due process;

(2)     there was no evidence to support the finding of guilt;

(3)     the disciplinary hearing officer was biased;

(4)     he was not allowed to call witnesses; and

(5)     the disciplinary hearing officer stopped recording the hearing and excluded Eubanks from the hearing.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7; *Id.* at Attachment 2, pp. 1-3).

The threshold issue is whether this petition was filed too late to permit this court to consider Eubanks's claims.

**II.     The Issue of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>   recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Eubanks challenges two prison disciplinary cases, not his underlying conviction. The date his state conviction became final is not relevant to the timeliness of this federal petition. 28 U.S.C. § 2244(d)(1)(A). The issue is when Eubanks discovered the factual predicate of these claims. 28 U.S.C. § 2244(d)(1)(D). *See Kimbrell v. Cockrell,* 311 F.3d 361 (5th Cir. 2002), (holding that § 2244(d)(1) applies to prison disciplinary proceedings, and that the one-year period begins when the factual predicate of the claim could have been discovered through the exercise of due diligence).

Eubanks should have known the factual predicate of the claims he raises here at the latest when he learned the results of the disciplinary hearings held on June 23 and August 24, 2006. The disciplinary records show that Eubanks refused to attend the June 23 hearing. (Docket Entry No. 10, Disciplinary Hearing Record for 20060285900, p. 1). Eubanks was notified of the results that same day. (*Id.* at 5). Eubanks either discovered, or could have discovered, the factual predicate of his claims with reasonable diligence on June 23, 2006. The limitations period ended one year later. For habeas applications filed by persons in state custody, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Eubanks filed administrative grievances challenging disciplinary case

20060285900. The Step One grievance, filed on June 26, was denied on July 19, after twenty-three days. The Step Two grievance was filed on August 2, and denied on August 21, after nineteen days. The administrative grievances tolled the limitations period for the forty-two days the grievances were pending,. *Kimbrell v. Cockrell,* 311 F.3d 361, 364 (5th Cir. 2002). The deadline for filing a federal petition challenging disciplinary case 20060285900 was August 6, 2007.[1] Eubanks's April 29, 2009, petition was untimely.

As to disciplinary case 20060364160, Eubanks discovered the factual predicate of his claims on August 24, 2006.

Eubanks filed a Step One grievance on September 8, 2006, which was denied on October 6, after twenty-eight days. Eubanks did not file a Step Two Grievance. Tolling the limitations period for the twenty-eight days the grievance was pending extended the deadline for filing a federal petition challenging disciplinary case 20060364160 until September 21, 2007. Eubanks's federal petition filed on April 29, 2009 was untimely.

Eubanks does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Eubanks from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Eubanks's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

---

[1] August 4, 2006 was a Saturday. Rule 6(a)(1)(C) provides: "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Eubanks does not identify and the record does not disclose any basis to apply equitable tolling. Eubanks may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies equitable tolling; *pro se* litigants are the rule, not the exception, in section 2254 suits. *See also, Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Eubanks's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

## III. Conclusion

The respondent's Motion for Summary Judgment, (Docket Entry No. 9), is granted. Eubanks's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

A district court may deny a Certificate of Appealability on its own. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Eubanks has not made the showing necessary for issuance of a COA.

SIGNED on April 14, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge